United States District Court
For The District of Columbia

**United States of America**          :

    v.          :          Criminal No. 08-085 (ESH)

**Barbara Johnson**          :


**Defendant's Sentencing Memorandum
In Support of Supervised Probation**

The Defendant, Barbara Johnson, by and through her defense counsel, Alan P. Bayles, submits the following in support of a sentence of probation with appropriate restitution.

**I. Background of The Case**

1. On May 7, 2008, pursuant to a written plea agreement, Ms. Johnson plead guilty before the Honorable Allan Kay to Count II of a two count information filed against her, charging fraud in obtaining public assistance. Said count is a misdemeanor offense in violation of Title 4 of the DC Code, Section 218.01(a). Count I, the more serious federal felony charge of filing false claims, in violation of 18 USC, Section 287, is to be dismissed by the Government at sentencing.

2. The offense for which Ms. Johnson plead guilty was that of her knowingly and intentionally presenting false information on annual income recertification forms submitted to the Public Housing Program of DCHA from October 2002 until August 2006. Said falsification(s) allowed Ms. Johnson to received reduced monthly rent for the aforementioned time period from funding provided by the US Department of Housing and Urban Development. Ms. Johnson acknowledged that she would have been responsible for approximately $38,764 in additional rent for that time period based on her actual income and that of income-earning adult sons

1

listed on her lease for the premises at 249 37th Street SE, Washington, DC. Prior to her obtaining a full time position with the VA in October 2002, as a nursing assistant, she was working part time as a private home health aid, earning approximately $150.00 bi-weekly from that employment.    .

3. From the date that Ms. Johnson was initially investigated and questioned by agents of the US Department of Housing and Urban Development, she readily admitted her wrongdoing, remorse, and desire to make restitution to the Government.

## II. Personal History

1. If the instant offense were subject to the US Sentencing Guidelines, Ms. Johnson would be eligible for departure consideration under Sections 5H1.3, 1.4, 1.6 and 5K 2.2, 2.3, 2.4, based on very substantial and exceptional offender characteristics and circumstances.

    First and foremost, Ms. Johnson is seriously ill, with Hepatitis C. While medication has apparently put the disease in temporary remission, the long-term prognosis for this 51-year-old single mother of a learning disabled son, Christopher, and sole caretaker of a 6 year old niece, Jasmine, is not good. Along with Hepatitis C, she also suffers from herpes, high blood pressure and is semi-crippled from a severe back (and knee) problem caused from lifting a patient off a bed several years ago. Her orthopedic surgeon indicates Ms. Johnson is in need of surgery to alleviate the constant and severe pain she is in round the clock. However, her other medical problems compete and conflict with one another when it comes to the best treatment for her.

    Coupled with Ms. Johnson's chronic and acute pain from her physical and internal problems is severe mental depression. She has attempted suicide on three occasions, the latest in April 2008, when she was

hospitalized at Washington Hospital Center for painkiller overdose. Prior to Ms. Johnson's plea agreement and subsequent to the disposition,, counsel provided to both the Government and US Probation Officer, medical reports, and current contact information to confirm her very serious and chronic medical problems.

2. As painful and terrible as Ms. Johnson's current medical condition is, an integral part of her childhood was likely as painful. After her mother's death when Ms. Johnson was 10 years old, she was raised by an extremely cruel great aunt in DC, who kept her locked in a basement when she was not in school, fed only peanut butter sandwiches and milk and provided old clothes to wear to school and church. She was frequently beaten by her great aunt for no apparent reason. It is assumed the aunt received funds from the DC Government to take care of Ms. Johnson's needs and that of her siblings, but more than likely converted said funds to her own use. At age 13, her great aunt placed Ms. Johnson at Junior Village, a program for homeless children. She began running away and survived on the streets by "however". To Ms. Johnson's credit, living on the streets did not include illegal activity. Thereafter, she lived briefly with an uncle and his wife who used, for themselves, the Government provided financial aid meant for her, leaving virtually nothing for the child's upbringing. It prompted Ms. Johnson to again run away to the streets.

   Notwithstanding the aforementioned, upon reaching adulthood, Ms. Johnson made remarkable strides forward. She obtained a GED, nursing certificate, and reared a family with much love and care.

3. As a mother, Ms. Johnson has been a most positive force in raising two now adult sons, both truck drivers with national companies. Her third son, Christopher, 24 years old, is learning disabled and cared for at home by Ms. Johnson. She has been raising her 6 year old niece since she was 4

3

months old, determined that Jasmine not have any of the negative experiences Ms. Johnson incurred as a child.

4. Since October 2002, Ms. Johnson has been steadily employed full time for the Department of Veteran Affairs. She has made her way up the pay grades and has received a departmental award for job performance. Though in constant physical pain, Ms. Johnson rarely misses a day from work and is dedicated to performing to the best of her abilities.

### III. Recommendations

1. The instant offense represents Ms. Johnson's first criminal conviction. On numerous occasions, she has expressed her remorse and shame for exhibiting poor judgment concerning the matter before the Court. Her lifestyle is modest at best, and with her serious physical problems there is little room for happiness outside of spending cherished time with 6 year old Jasmine.

2. If Ms. Johnson had plead to the more serious felony offense, the Sentencing Guidelines would have put her in Zone "B", making her eligible for probation. Considering her plea was to a misdemeanor count, it would somewhat equate to an even more minimal Zone "A" Category I offense. The Court has wide latitude to fashion a humane sentence of probation that would both provide restitution to the Government and needed help and counseling to Ms. Johnson. There is virtually no chance that Ms. Johnson would not succeed on probation if the Court gave her the opportunity.

Respectfully submitted,

_____
Alan P. Bayles, #181511
Attorney for the Defendant
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 973-0187

**Certificate of Service**

I HEREBY CERTIFY that a copy of the foregoing Defendant's Memorandum in Support of Supervised Probation was electronically filed with copy this 28th day of June 2008.

_____
Alan P. Bayles, Esq.