UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 08-085 (ESH) |
| : | |
| BARBARA JOHNSON, also known as : | |
| BARBARA GRESHOLM, : | |
| : | |
| Defendant. : | |
| _____: | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

**FACTUAL BACKGROUND**

1. On May 7, 2008, the defendant pled guilty to Count II of a two-count Information which charged her with False Claims, in violation of 18 U.S.C. § 287 (Count I), and Fraud in Obtaining Public Assistance, in violation of District of Columbia Code § 4-218.01(a) (Count II). The defendant further agreed to pay restitution in the amount of $38,764.

2. Pursuant to D.C. Code §§ 4-218.01(a), 516(a), the maximum sentence that can be imposed on the defendant is one year imprisonment, a fine of $500, or both, a $50 payment to the Crime Victims Compensation Fund, and disqualification from receiving certain welfare benefits.

3. Pursuant to D.C. Code § 4-218.01(b), a person who for any reason obtains any payment of public assistance to which she is not entitled, or in excess of that to which she is entitled, shall be liable to repay such sum until the excess amount received has been repaid.

4. At the time of her plea, the defendant acknowledged certain relevant criminal conduct by signing a factual proffer. Specifically, the defendant admitted that the United States Department of Housing and Urban Development ("HUD") funds a public housing assistance program administered through the District of Columbia Housing Authority ("DCHA"), a District of Columbia agency, which enables low-income families, the elderly and disabled who meet specific criteria to reside in government-owned public housing facilities free of charge or at a reduced rent. Public housing assistance program applicants must complete and submit an application to DCHA in which applicants disclose their household composition, income, net family assets, and allowances and deductions. As part of the application, applicants sign a form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law. Based upon the information submitted in an application, including reported income and household composition, authorities from DCHA determine whether an applicant is eligible to reside in public housing and whether DCHA will partially or fully fund an applicant's rent.

5. Once an individual is selected to participate in the public housing assistance program, he or she is required to sign a Lease Agreement for Public Housing Dwelling Units (hereinafter "Dwelling Lease Agreement"). The Dwelling Lease Agreement, which is a month-to-month contract that is automatically renewed at the end of each month, has a provision that requires the tenant to notify DCHA "IMMEDIATELY IN WRITING IF ANY CHANGES OCCUR IN THE INCOME, EMPLOYMENT OF COMPOSITION OF HIS/HER FAMILY" so that the tenant's rent may be adjusted by the first day of the second month following the occurrence that necessitated the change. Public housing tenants are also required to annually re-certify their

eligibility to participate in the program by completing annual recertification forms, to include a "Tenant Certification for Annual Recertification," "Verification of Employment Income" and an "Application for Continued Occupancy" (collectively, "Recertification Forms") in which the tenant provides information on his or her household composition, income, net family assets, and allowances and deductions is accurate. Tenants are required to sign the recertification form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law.

      6. At all times relevant to this matter, the defendant was a participant in the public housing assistance program administered through DCHA, and resided at 249 37th Street, S.E., Washington, D.C., within a public housing project known as Stoddert Terrace. Ms. Johnson signed her Dwelling Lease Agreement on December 1, 1999, and submitted annual recertifications in August of each year, up to and including August 12, 2005.

      7. On October 20, 2002, Ms. Johnson began working as a nursing assistant at the Veterans Affairs Medical Center (VAMC). From October 20, 2002, through August 31, 2006, Ms. Johnson's annual salary at VAMC ranged from $25,347 to $31,578. At no time after beginning her employment with VAMC, up to and including August 31, 2006, did Ms. Johnson inform DCHA of any of her income from VAMC as required by the Dwelling Lease Agreement so that her rent could be adjusted. Instead, during this entire period, she falsely reported that she worked part-time as a private home health aid and only earned $150 bi-weekly from that job.

      8. Further, as required by DCHA, Ms. Johnson submitted annual Recertification Forms. Specifically, during the offense period of October 20, 2002, through August 31, 2006, Ms. Johnson submitted Recertification Forms on August 5, 2003, August 20, 2004, and August 12,

2005.  The information provided on these Recertification Forms was false in that Ms. Johnson failed to report that she ever worked for VAMC and failed to report any of the income she earned from VAMC.  Instead, she certified that she made only $150 bi-weekly working as the private home health aide.  Additionally, Ms. Johnson also misrepresented her household composition on the annual Recertification Forms by failing to disclose that another income-earning adult resided in the household with her during the offense period of October 20, 2002, through August 31, 2006.  Had Ms. Johnson reported that information as required by her Dwelling Lease Agreement, DCHA would have adjusted her rent to reflect the additional household income.

   9.  On June 23, 2006, Special Agent Jeffrey Lowery of HUD, Office of Inspector General, interviewed Ms. Johnson.  Ms. Johnson admitted that on multiple occasions she submitted false and fraudulent recertification forms in which she reported only a portion of her annual income and failed to report that an income-earning adult resided in the household with her.

   10.  As a result of this fraudulent scheme, DCHA partially funded the defendant's rent in an amount greater than she was eligible to receive, and she converted the money for her own use.  Had the defendant reported her true income and household composition, DCHA would have reduced the amount of public assistance to the amount that she was entitled to receive.  The loss to DCHA as a result of Ms. Johnson's scheme was $38,764.

**ARGUMENT**

   11.  Given the nature and circumstances of the defendant's criminal actions, but also taking into account the defendant's lack of an extensive criminal record, her employment history, and her demonstrated remorse, the Government believes that a sentence of probation and

mandatory restitution in the amount owed of $38,764.00 would be appropriate.  Further, given the nature of the defendant's criminal actions, the Government feels that a sentence of 150 hours of community service by which defendant can give back to the community would likewise be appropriate.

12.  While the defendant has accepted responsibility and is remorseful, the fact remains that by her actions, she lived, for years, in a residence that DCHA partially funded.  That was money that could have, and should have, gone to other deserving District residents.  And this was not a case where the defendant lied one time.  She lied over and over again so that she could continue to receive the reduced rent.  For that, she should be ordered to pay back the full amount she fraudulently received from DCHA, and she should be ordered to give back to the community with an appropriate community service assignment that takes into account both her health and her family responsibilities.

WHEREFORE, for all of the above reasons, the Government respectfully requests that the Court impose a sentence of probation, requirement of full restitution to the government, and a term of community service.

Respectfully submitted,
JEFFREY A. TAYLOR
United States Attorney

BY:      _____/s/_____
JEAN W. SEXTON
Assistant United States Attorney
NJ Bar No. 02122-1995
555 4th St., N.W. Room 4235
Washington, D.C. 20530
(202) 305-1419
Jean.Sexton@usdoj.gov